[Crim. No. 1313.   Second Appellate District, Division One.—March 25, 1926.]

THE PEOPLE, Respondent, v. LOUIS DUGAT, Appellant.

[1] CRIMINAL LAW—MANSLAUGHTER—EVIDENCE—PREJUDICIAL ERROR.—In a prosecution for manslaughter, the case against the defendant having been a circumstantial case only, the erroneous admission as part of the state's main case, of certain evidence which might tend to show threats, malice, and previous motive caused a miscarriage of justice and violated the substantial rights of the defendant because, by reason of the prejudice that such evidence may have caused in the mind of the jury, the defendant might have thereby been compelled to take the stand.

(1) 17 C. J., p. 319, n. 22, 24.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. L. D. Jennings, Judge.   Reversed.

The facts are stated in the opinion of the court.

Cooper, Collings & Shreve for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and James S. Howie for Respondent.

YORK, J.—The defendant was charged with the crime of manslaughter, and with no other offense.  He was found guilty of this offense and from that judgment, and the order denying his motion for a new trial, this appeal was taken.

During the course of the trial the district attorney insisted upon calling the charge against the defendant murder and introduced, as part of the state's main case, certain evidence which might tend to show threats, malice and previous motive.  The People attempt to excuse this order of proof on the theory that certain evidence was given by the defendant at a coroner's inquest, and the People claim they had a right to anticipate a possible defense in accordance with such testimony there given.

The trial court in its instructions correctly laid down the law as to manslaughter and in clear and concise language instructed the jury as to what evidence they could consider, and laid down in such instructions a strict rule to the jury, directly instructing them at length that evidence tending to prove other offenses must not lead them to convict on that evidence, nor on less evidence than sufficient to warrant a conviction under the law of the offense charged, to wit, manslaughter and nothing else; and that he could only be convicted of the offense charged, and then only if proved to the satisfaction of the jury beyond a reasonable doubt that he was guilty thereof; and that he could not be convicted unless, under all of the instructions of the court, they believed beyond a reasonable doubt that he was guilty of the crime charged. One of the instructions also was that they should not be influenced by passion or prejudice.

This is not a mere matter of order of proof nor is it a mere technical objection that is raised on behalf of the defendant, but is a matter which strikes at the very right of defense itself. The evidence so introduced, if true, showed the defendant to be one of the very lowest and most despicable kind of men, to be in fact such a man as would make him hated by all mankind; and was followed by evidence that the wife of the defendant was engaged, at the time of the trial, in an immoral business in a negro dive at Tia Juana, although the wife herself was not called as a witness by either party to the action. The erroneous admission of this evidence was very seriously prejudicial to the right of the defendant. (*People* v. *Clark*, 55 Cal. App. 46–48 [203 Pac. 781], and cases therein cited.)

[1] The case against the defendant was a circumstantial case only. If there had been any direct evidence our ruling might be different than what it is, but after an examination of the entire case we hold that the erroneous admission of the evidence referred to caused a miscarriage of justice and that the substantial rights of the defendant were thereby violated because, by reason of the prejudice that such evidence may have caused in the minds of the jury, the defendant might have thereby been compelled to take the stand. If this evidence had been introduced as proper rebuttal evidence after the defendant had voluntarily taken

the stand and testified, and after the defense had closed, we might have to pass upon several other questions, a consideration of which is made unnecessary by the foregoing ruling.

Said judgment is therefore reversed and a new trial is ordered.

Conrey, P. J., and Houser, J., concurred.